UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
LIBERTY MEDIA HOLDINGS, LLC,

                          Plaintiff,

           -against-                                    12 Civ. 2234 (LAK)


CARY TABORA and SCHUYLER WHETSTONE,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OPINION**


              Appearances:

                                Andrew Todd Miltenberg
                                Marco Aurelia Santori
                                NIESENOFF & MILTENBERG, L.L.P.
                                *Attorneys for Plaintiff*


                                Kelly D. Talcott
                                THE LAW OFFICE OF KELLY D. TALCOTT
                                *Attorney for Defendant Cary Tabora*



LEWIS A. KAPLAN, *District Judge.*

              Plaintiff Liberty Media Holdings, LLC ("Liberty") claims to hold a registered

copyright in the motion picture *Corbin Fisher's Down on the Farm* (the "Movie").[1]  It charges that

the defendants "were part of a scheme to illegally pirate [the Movie] by using advanced internet file-

---

[1]    Complaint [DI 1] ("Cpt.") ¶ 1.

sharing technology called BitTorrent."[2]  More specifically, the complaint alleges that Tabora and Whetstone were roommates, that Tabora had an Internet connection "that Whetstone regularly used . . . for the criminal purpose of pirating copyrighted content,"[3] that Tabora was aware of and knowingly participated in Whetstone's pirating activities,[4] and that Tabora declined to put a stop to Whetstone's piracy despite having had the ability to have done so.[5]  It asserts claims against both defendants for direct and contributory copyright infringement and against Tabora for negligence. The matter is before the Court on Tabora's motion to dismiss the complaint for failure to state a claim upon which relief may be granted.[6]

*Discussion*

*The Copyright Infringement Claims*

The Copyright Act creates a cause of action in favor of the owner of a copyright for direct copyright infringement.[7]  Moreover, those who "infringe[] vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it" are secondarily liable "on a theory

---

[2]     *Id.* ¶ 2.

[3]     *Id.* ¶ 4.

[4]     *Id.* ¶¶ 4, 7.

[5]     *Id.* ¶ 6.

[6]     Whetstone has not appeared in this action despite apparently having been served.  He is in default, but no motion for a default judgment against him has been filed.

[7]     17 U.S.C. § 501.

3

of contributory or vicarious infringement."[8]  Nevertheless, Section 411 of the Act, with exceptions not here pertinent, further provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[9]

In this case, Liberty seeks relief for infringement of a copyright in a motion picture entitled *Corbin Fisher's Down on the Farm* which, it assets, is the subject of registered copyright number PA 1-698-357.[10]  Tabora, however, has produced a printout from the public catalog which reveals that the title of the motion picture that is the subject of certificate number PA 1-698-357 is *Corbin Fisher Amateur College Men Down on the Farm*, a proposition that Liberty does not dispute. This, moreover, is the only work that is the subject of a copyright registration in which Liberty is the claimant and that includes the phrase "Down on the Farm."  Thus, the registration relied upon, at least on its face, is not for the motion picture that is the subject of the alleged infringement.  The infringement claims cannot stand in their present form, although Liberty of course may be in a position to amend to allege the requisite registration of a claim to copyright in the motion picture at issue.[11]

---

[8]

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930-31 (2005).

[9]

17 U.S.C. § 411(a).

[10]

It has not produced a copy of the certificate of registration.

[11]

The printout of the portion of the public catalog of the Copyright Office is appropriately considered on a motion to dismiss because Liberty effectively incorporated the certificate of registration in its complaint and the public catalog entry with respect to that certificate is a proper subject of judicial notice in the absence of any dispute or reason to dispute its accuracy.

*The Negligence Claim*

The negligence claim suffers from at least two problems, each independently fatal to its survival.  It is necessary, however, to discuss only the first.

Section 301 of the Copyright Act, with exceptions not here relevant, preempts:

> "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103 . . . ."[12]

A state law cause of action therefore is preempted where "(1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103, and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle[s] of exclusive rights already protected by copyright law."[13]

In this case, the motion picture concededly is within the type of works protected by the Copyright Act.  The only issue warranting a moment's discussion is whether Liberty seeks to vindicate rights with respect to the motion picture that are equivalent to rights already protected by copyright law.

Liberty's claim, generously read, is that Tabora, with full awareness that Whetstone was using his Internet connection to pirate copyrighted motion pictures, either (1) "actively participated" and, indeed, "collaborated and conspired" to carry out the infringement[14] or (2) failed

---

[12]

17 U.S.C. § 301.

[13]

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) (citing 17 U.S.C. § 301(a), and *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997)).

[14]

Cpt. ¶ 7.

to put a stop to the use of his Internet access for that purpose.[15]  In either case, his alleged activities fall squarely within the realm of contributory infringement.

As Tabora contends, "[a] defendant may be liable for contributory copyright infringement if 'with knowledge of the infringing activity,' the defendant 'induces, causes, or materially contributes to the infringing conduct of another.'   To satisfy the 'materially contributes' requirement, Plaintiff must in this case show that Tabora (1) had actual or constructive knowledge that Whetstone's was infringing Plaintiff's copyright, and (2) encouraged or assisted Whetstone's infringement, or provided machinery or goods that facilitate the infringement (except where the equipment is 'capable of substantial noninfringing uses,' which of course an Internet connection is)."[16] As the complaint alleges that Tabora knew exactly what Whetstone was up to and that Tabora either deliberately participated in the infringement or simply allowed it to go with the indispensable use of Tabora's Internet connection, the complaint alleges contributory infringement.  The right that Liberty seeks to vindicate by its state law negligence claim – the imposition of liability on one who knowingly contributes to a direct infringement by another – already is protected by the Copyright Act under the doctrine of contributory infringement.

Liberty nevertheless argues that its negligence claim asserted here[17] is not preempted

---

15

    *Id.* ¶ 4.

16

    Tabora Mem. [DI 17], at 8-9 (quoting 3 MELVILLE B. NIMMER & DAVID NIMMER, NIMMER ON COPYRIGHT § 12.04 (Matthew Bender, rev. ed.), and *Matthew Bender & Co. v. W. Pub. Co*, 158 F.3d 693, 706 (2d Cir. 1998)) (citing *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971), and *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 442 (1984)).

17

    It bears emphasis that, despite the "negligence" label, this complaint alleges that Tabora knowingly facilitated and actively participated in Whetstone's alleged infringement.  This case does not involve a concededly ignorant but allegedly careless defendant.

6

because, as the Court understands the argument, the negligence claim rests on infringement by others whereas the Copyright Act provides a remedy only against a direct infringer.[18]  In light of the preceding discussion and the doctrine of contributory infringement – which Liberty's memorandum ignores entirely – that position is untenable.

*Conclusion*

For the foregoing reasons, Tabora's motion to dismiss the complaint [DI 14] is granted in all respects.  Liberty may move, not later than July 25, 2012, for leave to amend the direct and contributory infringement claims to assert registration of a claim to copyright to the motion picture that allegedly was infringed.

SO ORDERED.

Dated:        July 9, 2012

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[18]        Liberty Mem. [DI 31], at 5-6.