UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK
-------------------------------------------------------------------X
LIBERTY MEDIA HOLDINGS, LLC,

                     Plaintiff,                   12 Civ. 2234-LAK

    -against-

CARY TABORA and SCHULYER
WHETSTONE,

                    Defendants.
-------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

NESENOFF & MILTENBERG, LLP
Attorneys for Plaintiff
363 Seventh Avenue - 5th Floor
New York, New York 10001
(212) 736-4500

## INTRODUCTION

By way of this motion, Plaintiff Liberty Media Holdings, LLC respectfully seeks leave to amend the Complaint to correct a typographical error. The Complaint stated that the copyrighted work at issue in this action is *Corbin Fisher's Down on the Farm*. In his motion to dismiss, Defendant Tabora noted that the Copyright Registration for the work lists its title as *Corbin Fisher's **Amateur College Men** Down on the Farm*, and this Court dismissed the first two causes of action on that ground. In its decision, however, the Court invited Plaintiff to move for leave to amend: "Liberty may move, not later than July 25, 2012, for leave to amend the direct and contributory infringement claims to assert registration of a claim to copyright to the motion picture that allegedly was infringed." (Miltenberg Dec Ex. 1 p 6) The proposed amendment does just this, and substitutes the correct title of the work in place of the typographically incorrect title.

### I.   LEAVE TO AMEND IS GRANTED ABSENT DEFINED EXCEPTIONS

Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave shall be freely given when justice so requires." According to the U.S. Supreme Court, "this mandate is to be heeded"; "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Unless there is unfair prejudice or undue delay, bad faith or futility, leave is granted to amend. *See, e.g., Foman v. Davis*, 371 U.S. 178; *Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998).

As the following discussion demonstrates, the exceptions of unfair prejudice, undue delay, bad faith and futility do not apply in this case; and thus, leave to amend should be

granted in the interests of justice so that Plaintiff may be afforded the opportunity to test its Claims on the merits.

## II. THE PROPOSED AMENDMENT WOULD NOT RESULT IN UNFAIR PREJUDICE OR DELAY

The "time, effort and money" that litigants expend in litigating the matter do not give rise to the kind of "substantial prejudice" warranting the denial of leave to amend. *Block v. First Blood Associates,* 988 F.2d 344 (2d Cir. 1993). There needs to be present a set of circumstances in which allowing the amendment would be unjust -- for example, when significant delay would result in the resolution of the case. *Id.*

The kind of unfair prejudice that would warrant denial of an amendment to the pleadings is thus not likely to be present when, as here, discovery has not yet commenced and the Defendants – by way of Tabora's own admission in his motion to dismiss – knew just which copyrighted work was being referenced in the Complaint.

## III. PLAINTIFF IS NOT ACTING IN BAD FAITH IN SEEKING THE PROPOSED AMENDMENT

Delay alone is not sufficient to deny a motion for leave to amend; delay must be accompanied by some other factor such as unfair prejudice or bad faith. *Resorts and Motel Advancement Development Agency, Ltd. v. Sloan,* 160 F.R.D. 451; *McCoy v. Goldberg,* 845 F. Supp. 155, 157 (S.D.N.Y. 1994). The record admits of no bad faith on the part of Plaintiff. The reference in the Complaint to *Corbin Fisher's Down on the Farm* is, at worst a typographical error that departs only marginally from *Corbin Fisher **Amateur College Men** Down on the Farm.* Plaintiff stood to gain nothing by the deviation. Indeed, Plaintiff identified the correct copyright registration number which listed the full name of the work. There is no bad faith present here.

## IV. THE PROPOSED AMENDMENT IS NOT FUTILE

A motion for leave to amend a complaint may be denied if the amendment would be futile, but an amendment is considered futile only if it would not survive a motion to dismiss under Rule 12(b)(6) of the Federal Rule of Civil Procedure 12(b)(6), *see, e.g., Jones v New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999) *Mataraza v Newburgh Enlarged City School Dist.*, 294 F.Supp 483 (S.D.N.Y. 2003). If the party seeking the amendment has "colorable grounds for relief," the motion for leave to amend should be granted. *Ryder Energy Distrib. Corp. v Merrill Lynch Commodities, Inc.*, 748 F2d 774, 783 (2d Cir. 1984).

Here, the Complaint has already been tested by a motion to dismiss, and the Court explicitly stated that "Liberty of course may be in a position to amend to allege the requisite registration of a claim to copyright in the motion picture at issue." (Miltenberg Dec. Ex. 1) The proposed amendment does just this – it corrects a typographical error so that the Complaint alleges a copyright registration in the correct work.

## CONCLUSION

By reason of the foregoing, Plaintiff respectfully requests leave to file an Amended Complaint in the form annexed as Exhibit 2 to the accompanying Declaration of Andrew T. Miltenberg.

Dated: New York, New York
July 25, 2012

                                NESENOFF & MILTENBERG, LLP
                                Attorneys for Plaintiff

              By:       /s/   *Andrew T. Miltenberg*
                                Andrew T. Miltenberg, Esq. (AM 7006)
                                Marco A. Santori, Esq. (MS 7422)
                                363 Seventh Avenue, Fifth Floor

New York, New York 10001
(212) 736-4500