UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

**LIBERTY MEDIA HOLDINGS, LLC,**

                   **Plaintiff,**                 **12-Civ-02234 (LAK)**

   against

**CARY TABORA and SCHUYLER WHETSTONE,**

                   **Defendants.**

------------------------------------------------------------------------X

### DEFENDANT TABORA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Defendant Cary Tabora, by and through his undersigned counsel, respectfully submits this Memorandum of Law in opposition to Plaintiff's Motion to Amend the Complaint.

### I. PRELIMINIARY STATEMENT

In each of the first four iterations of its complaint against Mr. Tabora -- three in California, and one here in New York -- Plaintiff has maintained that the title of the film it purports to be protecting is "Down on the Farm." In what is now its fifth attempt to file a complaint against Mr. Tabora, Plaintiff has changed the name of the infringed title, but gets it wrong yet again. The new title alleged in the proposed amended complaint -- "Corbin Fisher's Amateur College Men Down on the Farm" -- is not registered with the Copyright Office and, more importantly, is not the title of the film at issue.

In addition, in an unusual display of either *chutzpah* or carelessness, Plaintiff's proposed amended complaint asserts -- once again -- the exact same negligence cause of action that this Court dismissed outright in its July 9, 2012 opinion and order.

1

Plaintiff has had ample opportunity, through five iterations of a complaint filed in courts in California and New York, to properly plead its purported causes of action against Mr. Tabora. Its continued failure to do so demonstrates the futility of its position, and justifies denial of its motion to amend.

## II. FACTUAL BACKGROUND - THE CALIFORNIA LITIGATION

As Plaintiff's complaint and proposed amended complaint each readily admit, Plaintiff first brought suit against Mr. Tabora in the Southern District of California. Plaintiff's original complaint in that case was filed on March 31, 2011 and pleaded a single cause of action, against Mr. Tabora only, for copyright infringement of a film titled "Down on the Farm."[1] On July 19, 2011 Plaintiff *sua sponte* filed an amended complaint that added Mr. Whetstone as a co-defendant, and added causes of action for contributory copyright infringement, vicarious copyright infringement, and negligence.[2] That amended complaint used two titles to refer to the film allegedly at issue: "Corbin Fisher's Down on the Farm," and "Down on the Farm"[3] (with "Down on the Farm" predominating).

Plaintiff moved to withdraw that amended complaint on August 12, 2011, conceding that it had filed the amended complaint outside the 21-day time period provided by Fed.R.Civ.P. 15(a)(2) and had failed to secure the Court's leave before making the filing.[4] Four days later, while Plaintiff's motion to withdraw was still pending, Mr. Tabora filed a motion to dismiss for lack of personal jurisdiction that was directed to the original complaint. On October 4, 2011, the

---

[1] Talcott Decl. para. 2, Exh. 1 at p. 2 para. 8.
[2] Talcott Decl. para. 3, Exh. 2.
[3] Talcott Decl. para. 3, Exh. 2; compare p. 1 para. 1 ("Corbin Fisher's Down on the Farm") with p. 5 para 26, p. 9 para. 45 ("Down on the Farm").
[4] Talcott Decl. para. 4, Exh. 3.

Court granted both Mr. Tabora's motion to dismiss and Plaintiff's motion to withdraw its amended complaint, and granted Plaintiff leave to replead.[5]

Plaintiff filed its second amended complaint on October 21, 2011 against both Mr. Tabora and Mr. Whetstone. It asserted causes of action for direct copyright infringement, contributory copyright infringement, and negligence,[6] and similarly listed the allegedly infringed title as both "Corbin Fisher's Down on the Farm" and "Down on the Farm."[7] The second amended complaint included as its "Exhibit 1" a screen shot from what Plaintiff alleged was "the Motion Picture at issue in this case" and "[t]he DVD at issue in this case."[8] That screen shot stated, in relevant part, "The title of this production is: 'Down on the Farm.'"[9]

On November 11, 2011, Mr. Tabora filed a second motion to dismiss for lack of jurisdiction, this time against the second amended complaint. The Court granted Mr. Tabora's motion on January 4, 2012, agreeing that it lacked jurisdiction over him.[10]

### III. FACTUAL BACKGROUND - NEW YORK

Its efforts in California -- spread over three attempted complaints -- having come to naught, Plaintiff brought this action, filing its original complaint on March 21, 2012. That complaint also maintained that the name of the film at issue was "Down on the Farm" (although as in the first and second amended California complaints, it also said the name was "Corbin Fisher's Down on the Farm").[11] Defendant's motion to dismiss revealed that neither title was registered with the Copyright Office, and in its Memorandum Opinion of July 9, 2012, this Court held that "the registration relied upon, at least on its face, is not for the motion picture that is the

---

[5] Talcott Decl. para. 5, Exh. 4.
[6] Talcott Decl. para. 6, Exh. 5.
[7] Talcott Decl. para. 6, Exh. 5; compare p. 1 para. 1 ("Corbin Fisher's Down on the Farm") with p. 7 para 36, p. 10 para. 55 ("Down on the Farm").
[8] Talcott Decl. para. 6, Exh. 5 at p. 3 paras. 13 and 14.
[9] Talcott Decl. para. 6, Exh. 5 at Exhibit 1.
[10] Talcott Decl. para. 7, Exh. 6.
[11] See Complaint paras. 1, 14, 30.

subject of the alleged infringement.  The infringement claims cannot stand in their present form, although Liberty of course may be in a position to amend to allege the requisite registration of a claim to copyright in the motion picture at issue."[12]

The proposed amended complaint now claims that the title of the film is "Corbin Fisher's Amateur College Men Down on the Farm."[13]  There are two problems with this assertion.

First, a search of the Copyright Office database fails to turn up any registrations in Plaintiff's name for that title.[14]  As noted in defendant's motion to dismiss in this case, the title associated with Copyright registration PA-1-698-357 is "Corbin Fisher Amateur College Men Down on the Farm," (not "Corbin Fisher's"). And as with the original complaint, the lack of any Copyright registration for "Corbin Fisher's Amateur College Men Down on the Farm" requires the denial of Plaintiff's motion to amend the complaint, since the amended complaint's two copyright infringement causes of action will fail for the same reason -- lack of registration -- as did the original copyright causes of action.

The second problem is more serious, and will not be remedied even if Plaintiff removes the superfluous "'s" from the title alleged in its proposed amended complaint.  As Plaintiff's own exhibit to its second amended complaint in the California lawsuit shows, the *actual* title of the film at issue is "Down on the Farm."[15]  Plaintiff's website uses that title in connection with its marketing of the film.[16]  As established in the motion to dismiss in this case, Plaintiff has no copyright registration for any film titled "Down on the Farm."[17]

---

[12] Memorandum Opinion, July 9, 2012 at 3.
[13] Proposed Amended Complaint (Exhibit 2 to Declaration of Andrew T. Miltenberg in Support of Plaintiff's Motion for Leave to File Amended Complaint ("Miltenberg Decl.")) at paras. 1, 14, 30.
[14] Talcott Decl. para. 8, Exh. 7.
[15] Talcott Decl. para. 6, Exh. 5.
[16] Talcott Decl. para. 9, Exh. 8.
[17] ECF Doc. 18 (Talcott Decl.) para. 4, Exh. 3

## IV. FACTUAL BACKGROUND - NEGLIGENCE

Plaintiff's proposed amended complaint inexplicably includes a negligence cause of action -- one that is word for word the same as the one this Court held "suffers from at least two problems, each independently fatal to its survival."[18] Focusing on the first problem, this Court held that Plaintiff's negligence cause of action was preempted by Section 301 of the Copyright Act. And yet, that cause of action reappears in Plaintiff's proposed amended complaint.

## V. ARGUMENT

As the Plaintiff points out in its moving papers, leave to amend a pleading "shall be freely given when justice so requires."[19] Where, however, there is unfair prejudice or undue delay, bad faith or futility, leave can be denied.[20] "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."[21] In this case, both futility and bad faith support denial of Plaintiff's motion.

Plaintiff's proposed amendment of its copyright infringement claims is futile for two reasons. First, there is no copyright registration for the title "Corbin Fisher's Amateur College Men Down on the Farm." Plaintiff's proposed amended title thus suffers from the exact same fault as did its title in the initial complaint: "the registration relied upon, at least on its face, is not for the motion picture that is the subject of the alleged infringement."[22] And Section 411 of the Copyright Act provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."[23]

---

[18] July 9, 2012 Memorandum Opinion at 4.
[19] Fed.R.Civ.P. 15(a).
[20] *Krumme v. Westpoint Stevens, Inc.,* 143 F.3d 71, 88 (2d Cir. 1998).
[21] *Dougherty v. Town of North Hempstead Bd. of Zoning*, 282 F.3d 83, 88 (2d Cir. 2002).
[22] July 9, 2012 Memorandum Opinion at 3.
[23] 17 U.S.C. § 411(a).

More fundamentally, it is clear that the actual title of the film at issue is "Down on the Farm," and -- as established in Defendant's motion to dismiss in this case -- Plaintiff has not registered a film of this title with the U.S. Copyright Office.  As such, Plaintiff is not able to amend its complaint in a manner that will remedy this defect.  Having twice asserted in pleadings filed with the California court that the actual title of the film at issue is "Down on the Farm," and having marketed and titled the film as "Down on the Farm," Plaintiff cannot now backtrack and allege in good faith that the title is really something different.  Because the "Copyright Act . . . requires copyright holders to register their works before suing for copyright infringement,"[24] and "Down on the Farm" -- the true title of the film here at issue -- is not registered, Plaintiff is not able to state a claim for infringement of that work.  Given that "there is no merit in the proposed amendments,"[25] and "granting leave to amend is unlikely to be productive,"[26] Plaintiff's motion should be denied.

Bad faith is the only explanation for Plaintiff's attempt once again to include the negligence cause of action -- the exact same cause of action that was unequivocally dismissed by this Court's July 9, 2012 Memorandum Opinion -- in the proposed amended complaint.  Plaintiff's memorandum in support of its motion ignores the negligence cause of action, perhaps hoping that nobody will notice its presence in the proposed amended complaint.  Given that the issue has already been decided, there is no need to revisit it in detail except to point out the futility of filing an amended complaint that includes an unsupportable cause of action that has already been dismissed.[27]

---

[24] *Reed Elsevier, Inc. v. Muchnick*, 130 S.Ct. 1237, 1241 (2010).  *See also In re Literary Works in Electronic Databases Copyright Litigation*, 654 F.3d 242, 262 and n.2 (2d Cir. 2011) ("Unregistered copyright holders may not maintain a suit for copyright infringement.")
[25] *Health-Chem Corp. v. Baker*, 916 F.2d 51, 57 (2d Cir. 1990).
[26] *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).
[27] In view of the fact that the proposed negligence cause of action is the exact same claim dismissed by this Court in its July 9, 2012 Memorandum Opinion, Defendant will not repeat the arguments made against that cause of action in

There is another, subtler, way in which Plaintiff has manifested bad faith in this case. Plaintiff has now filed four complaints against Mr. Tabora -- three in California and one in New York -- and seeks leave to file a fifth. The California court twice agreed with motions Mr. Tabora was forced to file in that case arguing that it lacked jurisdiction over him. This Court's July 6 Opinion and Order agreed with Mr. Tabora's motion filed in this case that the first complaint in this action failed to establish that Plaintiff even has the right to sue him for infringement at all, as well as that its negligence cause of action was preempted under the Copyright Act.

The proposed amended complaint suffers from the exact same defects as did the original: Plaintiff has not registered the title at issue and thus cannot maintain its copyright infringement claims, and Plaintiff again brings a precluded negligence cause of action. Plaintiff has thus caused Mr. Tabora to incur thousands of dollars in legal expenses filing three successful motions (two in California and one here) and opposing this fourth motion, all with no resolution of the allegations against him. Given Plaintiff's serial unsuccessful attempts to first establish jurisdiction over and now state causes of action against Mr. Tabora, Plaintiff's futile and bad faith motion to amend the complaint should be denied.

## V. CONCLUSION

Plaintiff's motion for leave to amend its complaint against Mr. Tabora should be denied. Plaintiff lacks a copyright registration for both the proposed title and the actual title of the film at issue, and its claim for negligence is -- as it was before -- preempted by the Copyright Act. It thus would be futile for Plaintiff to amend its complaint.

---

its motion to dismiss. To the extent necessary to resolve this motion, those arguments, set forth in section IV.B of Defendant's Memorandum of Law in Support of Defendant Tabora's Motion to Dismiss the Complaint, beginning on page 6, are respectfully incorporated herein by reference.

Dated: August 8, 2012

        Kelly D. Talcott

        By: /s/ Kelly D. Talcott

        The Law Offices of Kelly D. Talcott
        34 Grove Street, P.O. Box 43
        Sea Cliff, New York 11579
        v.516.515.1545
        f.516.871.0682
        Kelly@kdtalcott.com

        Attorney for Defendant Cary Tabora

## CERTIFICATE OF SERVICE

I, Kelly D. Talcott, an attorney, hereby certify that on August 8, 2012, I electronically transmitted the foregoing DEFENDANT TABORA'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT to the Clerk's Office using the ECF System for filing and transmittal to counsel for plaintiff.

                                                    /s/ Kelly D. Talcott
                                                        Kelly D. Talcott